C. FREEMAN v. POLLY BRUNDAGE.

(Case No. 3288.)

1. VARIANCE — EVIDENCE.— A defendant in trespass to try title claimed, under a sheriff's sale, land described in the petition as lying and situated in the county of Dallas, state of Texas, known and designated as the northeast quarter of section 17, in township No. 3, south of the first base line, and range 1, east of the first meridian, located by virtue of Peters' colony certificate No. 275. He offered in evidence, in addition to the judgment and original execution, a writ of *venditioni exponas* and sheriff's return, to show levy and sale, in both of which the land was described as in the petition, except that "section seven" appeared instead of "section seventeen." The evidence was excluded. *Held*,

    (1) It was error to treat the question thus presented as one of variance.

    (2) It was a question of fact for the jury, considering the whole description, whether the return and *venditioni exponas* described the land sued for, and the evidence should have been admitted.

APPEAL from Dallas. Tried below before Wm. E. Hughes, special judge.

Suit in trespass to try title, brought by Polly Brundage and others against C. Freeman, for the recovery of a tract of land which was described in the petition as follows, viz.: "Lying and situated in the county of Dallas, state of Texas, known and designated as the northeast quarter of section No. 17, in township No. 3, south of the first base line, and range 1, east of the first meridian, located by virtue of Peters' colony certificate number 275," issued to Sarah Ream May 21, 1850, and patented to her June, 1854. The defendant claimed title by his answer to that effect, through a sheriff's sale, made to satisfy a judgment upon execution levied upon said

land in the year 1868, during the life-time of Daniel Brundage, deceased, husband of the plaintiff Polly Brundage.

Upon the trial it was admitted that the defendants and the plaintiff derived their titles respectively from a common source, namely, Rebecca Jane Ream, the grantor, to Daniel Brundage.

The plaintiffs introduced in evidence the deed from Rebecca Jane Ream to Daniel Brundage, and also oral evidence to prove the equitable interest of certain of the plaintiffs in the land by reason of the payment of a portion of the purchase money due on said purchase, made by Daniel Brundage.

The defendant offered in evidence the judgment and execution under which he alleged the sheriff's sale had been made, and by which he claimed, both of which were read to the jury as evidence. He offered also in evidence the sheriff's return upon the execution, and a writ of *venditioni exponas*, to show the levy and sale of the land in controversy, to which the plaintiffs objected, because the description which was given in both said documents of the land levied on and sold varied from the description contained in the petition, of the land described by it. The variance relied on to exclude the evidence consisted in this difference only: that in the description of the land contained in the return of the sheriff and in the *venditioni exponas*, the land was referred to as section "*seven*," whereas in the petition the land is described as section "*seventeen*." The description of the land otherwise was the same as that given by the petition.

The court instructed the jury as follows: "If you find, from the testimony, that the land in controversy is the property of the plaintiffs, you will so say in your verdict; otherwise you will find for the defendant."

Verdict and judgment for the plaintiffs. The defendant appealed to the supreme court, and assigned several grounds of error, amongst which was that the court erred in excluding the return on the execution and the *venditioni exponas*.

*R. S. Guy* and *J. H. Carleton*, for appellant.

*John J. Good*, for appellee.

WALKER, P. J. COM. APP.— The exclusion by the court of the evidence offered by the defendant reached the vital elements of the title which he set up in his defense to the land in controversy, and under the ruling of the court upon the admissibility of the sheriff's return and the *venditioni exponas*, it appears from the statement of facts that the defendant did not offer in evidence the sheriff's deed

to him which was made under the levy and sale, for the reason that the same objection existed to the deed as had been urged against the evidence which had been excluded.

It was evidently an erroneous conception of the subject to treat the admissibility of the evidence offered by the defendant as presenting a question of variance, as technically understood, between the *allegata* and *probata*. It was competent for the defendant to establish by any suitable and legal evidence that the land in controversy was in truth and in fact the same land as that which he had bought at sheriff's sale under the judgment and execution which he had adduced in evidence. He might show, by evidence tending to establish that end, that it was in fact the same land, notwithstanding the existence of discrepancies contained in the media through which his title may have been assured to him.

There did in fact exist a contradiction in respect to one portion of the description of the lands described respectively in the titles relied on by the plaintiffs and by the defendant; and it was a question of fact to be determined by the jury, whether or not they both described in truth the identical same tract of land.

The variance which was pointed out in the objections to the evidence applies to the sufficiency and weight of the evidence rather than to its admissibility.

We are of opinion that the court erred in excluding the defendant's evidence, and that the judgment ought to be reversed and the cause remanded. See Smith *v.* Chatham, 14 Tex., 327; Rains *v.* McMills, id., 616. We do not think that the merits of this appeal require the consideration of the other grounds assigned as error.

REVERSED AND REMANDED.

[Opinion delivered June 9, 1882.]