**ROYALL et al. v. WEBSTER et al.**
**(No. 9502.)**

(Court of Civil Appeals of Texas. Dallas. Jan. 16, 1926.)

**1. Husband and wife ⚓65, 267(2)—Abandoned wife may convey property as feme sole.**

Where wife is abandoned, she is authorized, acting as feme sole, to make valid conveyance of her separate property and also of community estate, where, in latter case, necessity for such conveyance is shown to exist.

**2. Estoppel ⚓25—Stranger to chain of title could not claim benefit of recital in deed.**

Where, in action of trespass to try title, deed constituting part of plaintiff's chain of title, to which defendants were strangers, recited joint action by husband and wife but was signed and acknowledged by wife alone, such deed was admissible, since defendants, being strangers to chain of title, could not claim benefit of recitals of joint action contained therein as estoppel against plaintiffs.

**3. Appeal and error ⚓1056(1)—Husband and wife ⚓65—Exclusion of evidence that husband had abandoned wife prior to execution of deed by wife held reversible error.**

Where, in action of trespass to try title, deed constituting part of plaintiff's chain of title, to which defendants were strangers, recited joint action by husband and wife but was signed and acknowledged by wife alone, exclusion of evidence that wife had been abandoned and was separated from husband at and before execution of deed *held* reversible error.

**4. Appeal and error ⚓729—Assignments held too general to merit consideration.**

Assignment of error that instruction directing verdict was an invasion of province of jury to hear and determine cause, and that undisputed facts show that appellants are entitled to judgment, are too general, lacking definiteness and particularity required by rules of court 24, 25, and 26, to merit consideration.

**5. Trespass to try title ⚓41(1)—Proof of prior possession establishes prima facie case against one showing no title.**

In action of trespass to try title, where, under claim of title, plaintiff proves possession in point of time prior to that claimed by defendant, prima facie case is made sufficient to justify recovery as against persons who show no title whatever.

**6. Trespass to try title ⚓40(4)—Meager description of land in deed held not to affect its admissibility in evidence.**

In action of trespass to try title, deed not describing property as fully as plaintiff's petition was admissible; variance in description relating to sufficiency and weight of evidence and not its admissibility.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action of trespass to try title by R. R. Royall, Sr., guardian, and others against

Sarah C. Webster and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellants.

Eckford, Whisenant & McMahon, of Dallas, for appellees.

LOONEY, J. This is an action of trespass to try title to a lot of land in the city of Dallas, brought by appellants against appellees, who pleaded not guilty and the statutes of limitation of three, five, and ten years. The appeal is from a judgment rendered on an instructed verdict.

By appropriate assignments and propositions, appellants insist that the court below erred in excluding, on objections of appellees, a deed executed by Mrs. Della F. Smith in which she conveyed to Mrs. Mattie Shotwell the lot of land in controversy (a link in appellant's chain of title), and in refusing to permit them to prove that Mrs. Smith, the grantor, had been abandoned by her husband, and that at the time the deed was executed, and before and subsequent thereto, they were continuously and permanently separated. The deed in question contained the usual recitals for a joint deed of conveyance by husband and wife, but was signed and acknowledged alone by Mrs. Smith. The certificate of acknowledgment was in the usual form for a separate acknowledgment of a married woman.

Appellants' contention is that they were not estopped by the recitals in the deed to show that Mrs. Smith had been abandoned by her husband prior to its execution, and that they were then, and before and subsequent to that date, continuously and permanently separated, and that, under these circumstances, she was authorized to execute the deed, although her husband did not join in its execution.

The contention of appellees is that the deed is void for the reason that its recitals show that Mrs. Smith was a married woman at the time she executed the same, and was not joined therein by her husband; that appellants, as privies in estate, are bound by these recitals and estopped to contradict same.

[1] Our Supreme Court, at an early day in its history, announced the doctrine that, when the wife is abandoned, her powers correspond to the changed position which she is compelled to assume by reason of the husband's default, and that under the circumstances she is authorized, acting as a feme sole, to make valid conveyances of her separate property, and also of the community estate where, in the latter case, a necessity for such conveyance is shown to exist. This rule is very clearly announced in the case of Wright v. Hays, 10 Tex. 130, 135 (60 Am. Dec. 200), in the following language:

"The default of the husband and the necessity of the wife's situation require, and the law authorizes, her to assume his position, for the care of herself, her family and property, and vest her with the capacity of a feme sole. His desertion and absence are the foundation of her new rights and authority. His absence or civil death are prerequisite to the acquisition of these rights by the wife. The joining of the husband in the wife's conveyance, her privy examination and declaration that she acts freely, all presuppose that a husband is present and may be exercising undue influence over her. But how can these formalities be requisite in cases where the rights of the wife (and they are acknowledged by law) depend upon the supposition that, de facto, she has no husband? How could he join in a conveyance when his absence is the ground upon which she acquired her right of property, and upon which she can make contracts and sue and be sued in her own name?"

To the same effect, see Heidenheimer v. Thomas, 63 Tex. 287; Clements v. Ewing, 71 Tex. 370, 9 S. W. 312; Moss v. Ingram (Tex. Civ. App.) 224 S. W. 258; Newman v. Gill et al. (Tex. Civ. App.) 243 S. W. 697.

[2, 3] Seemingly, appellees do not controvert the correctness of the rule of law just announced, but insist that, as the instrument in question recites joint action of the wife and husband, and the certificate of acknowledgment being in form the separate acknowledgment of a married woman, appellants, as privies, are estopped to gainsay these recitals. Appellees cite an array of authorities sustaining the general rule to the effect that parties and privies are bound by recitals in deeds and are estopped to contradict same. Kimbro v. Hamilton, 28 Tex. 568; Fisk v. Flores, 43 Tex. 340, 342, 343; Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764; Corzine v. Williams, 85 Tex. 499, 506, 22 S. W. 399; Sanger v. Warren, 91 Tex. 472, 481–483, 44 S. W. 477, 66 Am. St. Rep. 913; Gibson v. Lyon, 115 U. S. 439, 453, 6 S. Ct. 129, 29 L. Ed. 440; Carver v. Jackson, 4 Pet. 1, 7 L. Ed. 761, 21 C. J. pp. 1088, 1089. But in our opinion the proposition urged by appellees is not presented in this case. So far as this record discloses, appellees are strangers to the chain of title involved, and, for this reason, if for no other, cannot claim the benefit of these recitals as estoppels against appellants. This proposition is announced in Devlin on Deeds, vol. 2, § 1279, as follows:

"The general rule is that only parties and privies are bound by an estoppel. It is an unprecedented extension of the doctrine of equitable estoppel to hold that a man is bound to the world to make good what he has said to any one if others choose to rely upon it. If every man may be held liable not only to parties and privies to his deed, but to all mankind, to make good every introductory recital which the deed contains, it behooves him to avoid all recitals and to be careful what scrivener he employs. Such is not the law and there are no authorities which assert it. A grantee is not bound by a recital in a deed in favor of a

(279 S.W.)

stranger.. Where a stranger to a deed introduces it in evidence for the purpose of establishing as against a subsequent grantee an admission by the parties to the deed, the grantee is not estopped from showing that the provision upon which reliance is placed had been inserted by mistake."

We are therefore of the opinion that the court committed reversible error in excluding the deed, and the evidence offered in regard to the separation of Mrs. Smith and her husband and her abandonment by him.

[4, 5] In assignments of error Nos. 3 and 4, appellants complain of the action of the court in directing a verdict in favor of appellees on these grounds: (a) That the instruction was an invasion of the province of the jury to hear and determine the cause; and (b) that the undisputed facts show that appellants are entitled to judgment. These assignments are too general, and lacking in the definiteness and particularity required by rules 24, 25, and 26 to merit consideration. However, in view of another trial, and responding somewhat to a question discussed by appellants under these assignments, we express our understanding of the law to be that where, under a claim of title, plaintiff proves possession, in point of time, prior to that claimed by defendant, a prima facie case is made out sufficient to justify a recovery as against persons who show no title whatever. House v. Reavis, 89 Tex. 626, 35 S. W. 1063; Watkins v. Smith, 91 Tex. 589, 45 S. W. 560; Allen v. Boggess, 94 Tex. 83, 86, 58 S. W. 833; Lockett v. Glenn (Tex. Sup.) 65 S. W. 482.

[6] Appellees make the contention in a cross-assignment that the court erred in admitting, over their objection, the deed from W. C. Padgett to B. T. Robinson, on the ground that the property was insufficiently described and that no proof was offered to identify the same as the property sued for. The lot of land sued for was described in plaintiff's petition as follows:

"In the city of Dallas, Dallas county, Tex., to wit: Lot 22 in block 18—141 according to the official map of the city of Dallas, in Dallas county, Tex., being the same property conveyed by B. T. Robinson and wife, Rosa J. Robinson, to Mrs. A. E. Sullivan, by deed dated December 1, 1886, recorded in deed vol. 79, page 182, of the deed records of Dallas county, Tex., having a frontage of 25 feet on Cabell street, and running back between parallel lines a distance of 90 feet to an alley as described in said deed."

The property is described in the deed under consideration as:

"All that certain. lot, tract or parcel of land described as follows: Lots Nos. 22 and 23 in block 18, lying and being situated in the city of Dallas, county of Dallas, state of Texas, in the John Grigsby league."

The variance in the descriptions set out in the petition and in the deed has relation to the sufficiency and weight of the evidence, rather than to its admissibility. Smith v. Chatham, 14 Tex. 322; Freeman v. Brundage, 57 Tex. 253; Halfin v. Winkleman, 83 Tex. 167, 18 S. W. 433; Willis v. Smith, 17 Tex. Civ. App. 543, 43 S. W. 325, 331. The court, in our opinion, did not err in overruling the objection of appellees to the admission of the deed in evidence; therefore, we overrule the cross-assignment of error.

Because of the error hereinbefore indicated, the judgment below is reversed and the cause remanded.

Reversed and remanded.