**Dr. Elvin K. FRANKLIN et al., Appellants,**

**v.**

**A. L. PIETZSCH et al., Appellees.**

**No. 15579.**

Court of Civil Appeals of Texas.

Dallas.

June 19, 1959.

Sanders, Lefkowitz & Green, and Jack D. Eades, Dallas, for appellants.

C. C. Renfro, Biggers, Baker, Lloyd & Carver, Thompson, Knight, Wright & Simmons, Robert L. Donalson, A. J. Thuss, John N. Harris, Jr. and William W. Sweet, Jr., Dallas, for appellees.

YOUNG, Justice.

Elvin K. Franklin here appeals from grant of a temporary injunction in a suit brought by appellee individuals against ap-

pellant and the City of Mesquite for abatement of an alleged statutory nuisance in form of a proposed cemetery to be located in Mesquite, Texas, and within five miles of Dallas, Texas; first having secured a restraining order without notice and seeking permanent injunction on trial to the merits. Further purpose of petitioners (appellees) was to declare void an ordinance of defendant City of Mesquite authorizing such cemetery. The suit was filed December 3, 1958, heard and order in question granted on December 11th. The City of Mesquite, not being served, did not appear, and is not a party to this appeal. Being directly interested in outcome of the suit however, this municipality requested and has obtained leave to file a brief.

Plaintiffs herein have invoked the provisions of Arts. 912a–24, 912a–25. Material here they provided: (Art. 912a–24) "Location of cemetery. It shall be unlawful for any person, company, corporation, or association to establish or use for burial purposes any graveyard or cemetery, or any mausoleum and/or cemetery except in a cemetery heretofore established and operating, located  *  *  *  within less than five (5) miles from the incorporated line of any city of not less than two hundred thousand (200,000) inhabitants, according to the last preceding Federal Census: *  *  *." (912a–25) "Abatement of nuisances. The maintenance or location and use of any graveyard or cemetery in violation of the provisions of this title are declared to be a nuisance, and the governing body of the City,  *  *  *  or the district attorney  *  *  *  or any person owning a residence in or near the town or city in which, or in such proximity as specified in Section 24 hereof to which, such graveyard or cemetery is located, may maintain an action in the Courts to abate such nuisance and to enjoin its continuance, and if it appears that said nuisance exists or is threatened in violation of this Act a perpetual injunction shall be granted against parties guilty of such nuisance  *  *  *". In the same connection, the parties entered into certain stipulations on the trial; summarized as follows: That at all material dates the land here involved of defendant Franklin has been within the corporate limits of the City of Mesquite; which land is also within five miles from the corporate limits of the neighboring City of Dallas (in fact, approximately within 2½ miles); that on December 2, 1958, the City of Mesquite was operating under a home rule charter but was a town of less than 5,000 inhabitants according to the last preceding Federal census of 1950; that the City of Dallas is now and was, according to the last Federal census of 1950, a city of more than 200,000 inhabitants; that on said December 2, 1958, the City Council of Mesquite passed an ordinance zoning portions of the lands of defendant Franklin for cemetery uses and purposes; all of petitioners owning real property adjacent to defendant's land; in fact that the property of A. L. and Robert Pietzsch on which they are residing lies immediately across a public road from a portion of defendant's land, so planned for use as a cemetery.

A map of defendant's proposed "Memorial Park Cemetery" was placed in evidence, approved by the City Plan Commission and City Council of Mesquite showing a buffer zone of churches and residences to lie between said proposed cemetery and other adjoining property. The ordinance in question recited that it related to some 95.8 acres, less 17 acres for highway purposes, presently zoned as residential but with specially permitted use as a perpetual care cemetery, and subject to other conditions there detailed. Defendant's land is now cultivated in oats, petitioners' adjoining lands being presently used for farm or pasture. Other testimony was to effect that only one old cemetery is now located in Mesquite but having no room for expansion; that there exists a need in said city for additional land for a public cemetery; that petitioners were relying on the statute to show that the proposed cemetery was a statutory nuisance. Additionally, three of the seven plaintiffs testified that if de-

fendant's lands were zoned for cemetery use, their own property would be devaluated, that operation of a cemetery at the proposed location would cause a morbid feeling; and that unless restrained they feared that defendant would begin the interment of dead bodies on his property. At close of testimony the temporary injunction issued; Judge Williams stating in such connection "that the whole matter should be kept in status quo until we get a trial." The judgment under review ordered issuance of injunction "pending final hearing and determination of this cause * * *".

Initial point of appellant Franklin charges an abuse of discretion in the Court's grant of temporary injunction "by failing to apply the law to the undisputed facts"; other points bearing even more directly upon merits of the litigation.[1]

Manifestly a consideration of above factual background demonstrates the existence of basic issues between the parties that necessarily should not be resolved in any hearing had within ten days from date of suit; and at such a juncture the trial court acted well within its province in staying operation of the Mesquite Municipal Ordinance until all phases of the controversy might be fully heard and finally adjudicated; in other words, ordering a preservation of the status quo pending a trial to the merits. Quite relevant, therefore, to the decision of Judge Williams is the following pronouncement of our Supreme Court in Transport Company of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 552: "In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. E. Weinstein & Sons, Tex.Comm.App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex. Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the plead-

---

1. Further points complained of error (2) "because Article 912a–24, RCS should not be construed to prohibit the location of a cemetery within the incorporated limits of Mesquite, Texas, and within five miles from the limits of Dallas, Texas;" (3) "because neither Article 912a–24, RCS nor any other law prohibits the City of Mesquite, Texas, from authorizing a cemetery within its incorporated limits;" and (4) "because Article 912a–25 should not be construed to permit a new cemetery located within one city to be declared a nuisance by reason of its proximity to another city."

Points advanced by the City of Mesquite are as follows: (1) Error in grant of temporary injunction "for the reason that the City of Mesquite had the legal right to zone the land in question for cemetery use under the provisions of Article 1175 subdv. 15 and 34, V.A.C.S.;" (2) "for the reason that Article 912–A, V.A.C.S. does not apply to the City of Mesquite and forms no

basis for prohibiting the City of Mesquite from zoning the land in question for cemetery use;" (3) "for the reason that if Article 912–A, V.A.C.S. is in conflict with Article 1175 subdv. 15 and 34, under the theory of Pari Materia, Article 912–A should be construed with Article 1175 subdv. 15 and 34 to mean that it constitutes no legal barrier to the right of the City of Mesquite to zone the land in question for use as a cemetery;" and (4) "for the reason that the plaintiff in the trial court had the burden of pleading and proving that the ordinance in question is unreasonable, arbitrary and capricious, and the plaintiff in the trial court failed to meet this burden of pleading and proof."

Appellees' counterpoints state the converse of defendant Franklin's several points of error; for example, that the "trial court's action in grant of temporary injunction was not abuse of discretion."

ings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235".

Judgment of the trial court is affirmed.