**Dr. Elvin K. FRANKLIN et al., Appellants,**

v.

**A. L. PIETZSCH et al., Appellees.**

**No. 15700.**

Court of Civil Appeals of Texas.

Dallas.

March 18, 1960.

Rehearing Denied April 15, 1960.

Sanders, Lefkowitz & Green, Jack D. Eades, William W. Sweet, Jr. and John N. Harris, Jr., Dallas, for appellants.

C. C. Renfro, Chandler Lloyd, Biggers, Baker, Lloyd & Carver, Robert L. Donalson, and Thompson, Knight, Wright & Simmons, Dallas, for appellees.

YOUNG, Justice.

This action was initiated by individual appellees against Dr. Elvin K. Franklin and the City of Mesquite, Dallas County, for abatement of an alleged statutory nuisance in form of a proposed cemetery to be located within the corporate limits of Mesquite and within five miles of the City of Dallas; also for permanent injunction and to declare void an ordinance of the Mesquite municipality authorizing such cemetery. Upon hearing, judgment of perpetual injunction was granted restraining Dr. Franklin from dedicating, operating or using his property for cemetery purposes and declaring invalid an ordinance of the City of Mesquite authorizing the project. Such is the basis of this appeal. See Tex.Civ. App., 325 S.W.2d 450 where the identical subject matter was involved in an appeal from order of temporary injunction. Much of the factual background to the contro-

versy is there outlined but of necessity must be restated here.

By stipulations of the parties, ownership of the lands in question located within the corporate limits of Mesquite was in Dr. Franklin, which property was within five miles of the incorporated limits of the neighboring City of Dallas; that the City of Mesquite was, prior to December 2, 1958 and is now, a municipal corporation operating under a home rule charter but was a town of less than five thousand inhabitants according to the last preceding Federal Census of 1950; that the City of Dallas is now and was according to the said preceding Federal Census a city of more than two hundred thousand inhabitants; and that on December 2, 1958 the City Council of Mesquite passed an ordinance zoning parts of the property of Dr. Franklin for cemetery uses and purposes. Further stipulated and set forth were the corporate powers of the City of Mesquite under its home rule charter, adopted August 22, 1953, and the purposes of its comprehensive zoning ordinance. The respective homes and residences of plaintiffs A. L. and Robert Pietzsch are located on the Murphy School-New Hope Road in the City of Mesquite and directly across such road from defendant Franklin's property. The real property owned by other individual plaintiffs adjoin the Franklin property on its south side.

On December 3, 1958 this suit was filed along with issuance of temporary restraining order. A development plan of the proposed Memorial Park cemetery was introduced in evidence, showing the location and future use to be made of the property; which plan had been approved by the City Plan Commission and City Council of Mesquite, indicating a buffer zone of churches and residences between the proposed cemetery layout and adjoining property. The testimony shows without dispute the existence of an old cemetery within the City; defensive testimony being that there was no room for expansion of that cemetery and need of other lands for such use.

The trial court's basis for grant of injunctive relief was Art. 912a–Secs. 24 and 25 providing in part:

"(Art. 912(a)–24) Location of cemetery. It shall be unlawful for any person, company, corporation, or association to establish or use for burial purposes any graveyard or cemetery, or any mausoleum and/or cemetery except in a cemetery heretofore established and operating, located * * * within less than five (5) miles from the incorporated line of any city of not less than two hundred thousand (200,000) inhabitants, according to the last preceding Federal Census: * *." (912a–25) "Abatement of nuisances. The maintenance or location and use of any graveyard or cemetery in violation of the provisions of this title are declared to be a nuisance, and the governing body of the city, * * * or the district attorney * * * or any person owning a residence in or near the town or city in which, or in such proximity as specified in Section 24 hereof to which, such graveyard or cemetery is located, may maintain an action in the Courts to abate such nuisance and to enjoin its continuance, and if it appears that said nuisance exists or is threatened in violation of this Act, a perpetual injunction shall be granted against parties guilty of such nuisance * * *."

With respect to powers of home rule cities, Art. 1175, Sec. 15, provides in part:

" * * * to appropriate property for public purposes whenever the governing authorities shall deem it necessary; to take any private property within or without the city limits for any of the following purposes; * * cemeteries, crematories, prison farms, and to acquire lands within and without the city for any other municipal purposes that may be deemed advisable. * * *".

Section 34, Art. 1175, also empowers such cities as follows:

"To enforce all ordinances necessary to protect health, life and property, and to prevent and summarily abate and remove all nuisances and to preserve and enforce the good government, order and security of the city and its inhabitants."

Our State Constitution, Art. 11, Sec. 5, Vernon's Ann.St., (also Art. 1165, Vernon's Ann.Civ.St.) provides, relative to home rule cities as follows:

" * * * no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."

Points of appeal of the two defendants are of similar pattern but will be listed separately. (Franklin) The trial court's error in grant of a permanent injunction because Art. 912a–24, 912a–25 should not be construed (1) to prohibit the location of a cemetery within the incorporated limits of Mesquite, Texas and within five (5) miles of the limits of Dallas, Texas; (2) or to permit a cemetery located within one city to be declared a nuisance by reason of its proximity to another city; (3) because neither Art. 912a–24 nor any other law prohibits the City of Mesquite, Texas from authorizing a cemetery within its incorporated limits; (4) appellees failed to establish that an old cemetery heretofore established, operating, used, maintained and dedicated at this location had been abandoned. (City of Mesquite) The trial court's error in holding that Ordinance 220, passed by the City of Mesquite was invalid (1) because the City of Mesquite has the legal right to zone land within its corporate boundaries for cemetery use under the provisions of Art. 1175, Subd. 15 and Subd. 34, of the Vernon's Ann.Civil Statutes of Texas; (2) because Art. 912–a of the Revised Civil Statutes of Texas does not apply to the City of Mesquite and forms no basis for prohibiting the City of Mesquite from zoning land within its corporate boundaries for cemetery uses; and (3) because Art. 912a and Art. 1175 should be construed together, and if there are any conflicts between these statutes the Court should have construed them in such a way as that they would be consistent with each other.

Title 26 Cemeteries, (inclusive of Art. 912a, Secs. 24 and 25) represents legislative enactments of the 49th Legislature in 1945. Prior and similar legislation on the subject was enacted in 1934, when the entire title on cemetery laws was revised and rewritten. See acts of 43rd Legislature Second Called Session. The legislative policy on location of cemeteries, however, appears to have had its origin at an earlier date. See Art. 912a, R.C.S.1925, Vernon's Ann.Civ.St. Art. 912–a. The validity of Arts. 930–930a, now Art. 912a–24, 912a–25, was questioned in Faulk v. Buena Vista Burial Park Association, Tex.Civ.App., 152 S.W.2d 891, 893; The El Paso Court of Civil Appeals holding in part as follows:

"The concrete question here presented is: May the State, in the exercise of police power, forbid the establishment and maintenance of a cemetery within or within one mile of the boundaries of a city of 5,000 inhabitants and not more than 25,000? It is elementary that in the exercise of the police power the State may enact legislation reasonably tending to promote the health, comfort or welfare of the public. However, the extent of this power is not unlimited. Such power must be exercised in conformity to the limitations prescribed by the Constitution. * * * We can see no difference in character in the features of the act under discussion from a zoning ordinance. Burial of the dead may not be prohibited and may not be unreasonably restrained. On the other hand, the place of burial in a particular locality may be reasonably regulated. In our opinion, as applied to the par-

ticular case, there is nothing unreasonable or arbitrary in the act in question."

Appellants argue however the inapplicability of Art. 912a–24, to the precise situation at hand. They say that the Statute in question expressly excludes from its prohibition, towns having less than five thousand inhabitants according to the last preceding Federal Census; and concerning legislative purpose and intent in enactment of Art. 912a–24, appellant Franklin (basing his reasoning on certain language of the Faulk appeal) asserts that, properly construed:

"\* \* \* the statute clearly recognizes the right and need of a city or its citizens to establish and locate cemeteries within its boundaries until its population reaches five thousand inhabitants according to the last preceding federal census by specifically excluding its application to such towns. We therefore respectfully submit the *only reasonable and sensible construction* of Article 912a–24 and 912a–25 to accomplish the legislative intent and purpose is that the *location* of a cemetery *within the specified distance of the cities named is not prohibited where such cemetery is located within a town* of less than 5,000 inhabitants according to the last preceding federal census."

Appellant City of Mesquite likewise construes Article 912a–24 as expressly excluding certain areas, and quotes from Faulk's appeal as follows:

"It fairly appears from the law its clear purpose was to prevent future establishment of cemeteries within the corporate limits of the cities specified \* \* \*."

It is then argued that since the City of Mesquite is not one of the "cities specified" the Legislature apparently had no intention, in passing this law, to prohibit the future establishment of cemeteries in towns of the 1950 classification. (less than five thousand population.)

The dictum quoted by this appellant from the El Paso Court's opinion in Faulk v. Buena Vista Burial Park Association cannot be given the meaning ascribed to it by them; for to do so, as appellees point out, would amount to the grafting of an exception onto the Statute, opening the door to all cities or towns which did not have a population of five thousand inhabitants at the last preceding Federal Census, if adjacent to cities of over five thousand population at the last such census, to become burial grounds for large population areas.

■ The wording of Article 912a–24 is unambiguous, giving room for but one construction. "In such a case, the law will be applied and enforced as it reads, regardless of its policy or purpose, or the justice of its effect." 39 Tex.Jur. pp. 161, 162.

While the restrictions of Art. 912a–24 on location of cemeteries begins with cities of over 5,000 population at last Federal Census of 1950, yet the town of Mesquite, of less population on said date, was still subject to further prohibition of the statute as being within five miles of the Dallas City limits. And in this connection appellants concede that the City of Mesquite, now a Home Rule City (over 5,000 population in 1958) is precluded from enacting an ordinance inconsistent with State Constitution and general law, such as the statute in question. (See Art. 11, Sec. 3, Constitution and Art. 1165, Vernon's Ann. Civ.St.)

Art. 1175–15 (Laws of 1913) empowers a home rule city to acquire lands "within or without the city" for cemetery purposes; Art. 912a–24 expressly prohibiting the establishment of cemeteries within varying distances from specified population areas. Appellants say that the Statutes should be construed together and their provisions harmonized so as to give effect to each if at all possible. But the conflict between the

two Statutes cannot be so resolved except by an interpretation of Art. 912a–24 to effect that towns of less than five thousand inhabitants according to the last Federal Census are exempt from its prohibition.

■ "* * * A court is not authorized, under any pretext, to modify, repeal or rewrite a statute, nor even to 'construe' an unambiguous act to conform to its own notions of justice, policy, propriety, or wisdom. So, however desirable it might seem in certain cases, a court is not privileged to interpolate words, to add or eliminate, or to enlarge, extend or restrict the scope of a law, except as this may be necessary to effectuate the legislative intent; nor is it ordinarily permissible to supply omissions in a statute."

See 39 Tex.Jur. § 89, pp. 162, 166.

■ Art. 1175 was enacted long prior to 1934 at which time a legislative policy was fixed; spelling out and setting forth in detail the areas for establishment of cemeteries. Rather, in order that the two statutes may stand, the rule stated in Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879, 881 should be applied:

"* * * that when the law makes a general provision, apparently for all cases, and a special provision for a particular class, the general must yield to the special in so far as the particular class is concerned. Perez v. Perez, 59 Tex. 322. This rule is based upon the principle that all acts and parts thereof must stand, if possible, each occupying its proper place, and that the intention of the Legislature is more clearly reflected by a particular statute than by a general one. Ac-

cordingly a specific act is properly regarded as an exception to, or qualification of, a general law on the same subject previously enacted. In such a case both statutes are permitted to stand, the general one being applicable to all cases except the particular one embraced in the specific act."

■ Exempted from the prohibition of Art. 912a–24 were presently operating cemeteries and their right to acquire adjacent lands for cemetery use.[1]

Appellant Franklin seeks the benefit of such exception under the following facts: a one-third acre tract of land had been conveyed by Amanda Wilson and husband to E. D. Florence, Trustee, on June 8, 1909, pertinent language of such deed reciting that

"This conveyance is made for the purpose of conveying to E. D. Florence, as Trustee, the land above described to be used as a private cemetery to be used by the family and relatives of J. H. Florence, deceased."

Thereafter on April 1, 1955, E. D. Florence, Trustee, transferred to John S. Lawrence and wife this one-third acre by quitclaim deed containing the following recitals:

"It being understood and agreed that this property is not at this present time being used as a private cemetery for the family and relatives of J. H. Florence, deceased, and it is further certified by Grantor herein, that there are no persons buried on this property hereinabove: * * *."

Said old Florence cemetery tract was purchased from the Lawrences in 1958 by Dr. Franklin as part of the larger acre-

---

1. Said exemption provides: "* * * that where cemeteries have heretofore been used and maintained within the limits hereinabove set forth, and additional lands are required for cemetery purposes, land adjacent to said cemetery may be acquired by the cemetery association operating such cemetery, to be used as an addition to such cemetery, and the use of such additional land for such purposes shall be exempt from the provisions of this section."

age in question; Dr. Franklin testifying that he had resided on adjoining property since 1948 and the particular area had always been recognized as a cemetery; that it had never been planted or plowed or used for grazing purposes; and when purchased in 1958 it was marked by rocks and posts for corners. Plaintiff A. L. Pietzsch testified to long familiarity with the area; not knowing if any bodies were buried on the Florence plot at the present time; that cattle had grazed on it with no markers that he knew of to show where the cemetery was. Plaintiff Robert Pietzsch however stated that the Florence cemetery once had an iron fence around it against entry by stock.

The quoted recitals from the 1955 quit-claim deed would rather conclusively establish the Lawrence plot as an abandoned "private cemetery"; and stipulation 13 states that said deed is to be considered a part of the record "as though copied herein in full." Nevertheless appellants now object to these recitals as not being competent evidence or proof of such facts under the rule stated in Royall v. Webster, Tex.Civ.App., 279 S.W. 895, that appellees are strangers to the chain of title and cannot claim the benefit of these recitations as an estoppel against appellant, grantee of Lawrence. But the burden was upon Dr. Franklin to come within the exception of Art. 912a–24. 17 Tex.Jur. Evidence, p. 317. The initial 1909 deed characterized the land conveyed therein as a private cemetery; the statute having to do with public cemeteries such as Dr. Franklin is proposing to develop. Admittedly, by his own testimony he was not operating the one-third acre tract as a cemetery; offering no evidence that any cemetery was presently operating on the 95 acre tract in question. Even if the 1955 quit-claim deed recitals be ignored, we conclude that a fact question continued of whether this appellant is entitled to the exception, resolved adversely by the court from the other facts and circumstances of this record.

All points raised by appellants have been fully considered and are each overruled. Judgment of the trial court is accordingly affirmed.

Affirmed.