Leroy DANIELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 35821.

Court of Criminal Appeals of Texas.

May 15, 1963.

Rehearing Denied June 26, 1963.

Second Motion for Rehearing Denied
Oct. 16, 1963.

William F. Walsh, Houston, on appeal
only, for appellant.

Leon B. Douglas, State's Atty., Austin,
for the State.

PER CURIAM.

The offense is contributing to the delinquency of a minor; the punishment, 90 days in jail and a fine of $500.00.

■ The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR
REHEARING

WOODLEY, Presiding Judge.

I see no merit in appellant's motion for rehearing and would overrule it without written opinion. The majority prefer that an opinion be written.

■ The appellant now urges fundamental error on the ground that Arts. 534 and 535 P.C. make the same act or acts an offense and prescribe different punishments and therefore there is no definite penalty fixed by law for the commission of the act or acts denounced. This he insists renders both statutes invalid.

This prosecution was under Art. 534 V.A.P.C. It is unnecessary that we decide whether, as applied to a child under 17 years of age, Art. 534 V.A.P.C. and Art. 535 V.A.P.C. define the same criminal act.

Assuming that both Art. 535 P.C. and 534 P.C. as amended in 1929 and 1949 make it unlawful to entice a minor under 17 years of age from the custody of the parent without the consent and against the will of said parent, it does not follow that both statutes must fall.

Art. 534 V.A.P.C. being the latter of the two statutes is not rendered inapplicable

though it may have repealed by implication the prior statute.

Our holding in Ex parte Sanford, 163 Tex.Cr.R. 160, 289 S.W.2d 776, is not authority to the contrary. There repeal by implication was precluded by the specific provision that the penal provisions of the prior statute were *not* repealed.

Appellant's motion for rehearing is overruled.