

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 4, 1971

Dr. Carl F. Hereford, Chairman
Texas State Board of Examiners
   of Psychologists
P. O. Box 5429
Austin, Texas   78703

Opinion No. M- 785

Re:   Questions relating to
      qualifications for cer-
      tification as a psycholo-
      gist under Article 4512c,
      Section 15, Vernon's Civil
      Statutes (the Psychologists'
      Certification and Licensing
      Act.)

Dear Dr. Hereford:

        In your letter requesting an opinion from this office,
you ask whether the Texas State Board of Examiners of Psychologists
is authorized by the provisions of Section 15(b)(2) of Article
4512c, Vernon's Civil Statutes, to certify as a psychologist an
applicant who filed his application prior to December 31, 1970,
and is otherwise qualified under the provisions of Section 15(b)
and who possesses a Masters degree from an accredited institution
based on a program which is not primarily psychological but who
has passed additional courses in psychology at an accredited in-
stitution, and in addition thereto has had eight years of pro-
fessional psychological experience.

        The provisions of Article 4512c, Vernon's Civil Statutes,
(the Psychologists' Certification and Licensing Act) most pertinent
to our discussion are quoted as follows:

        "Sec. 15(b)  Until December 31, 1970, a
        person who is at least twenty-one years of age,
        a resident of this state, of good moral character,
        and is a citizen of the United States or has legally
        declared his intention of becoming a citizen may,
        upon application and payment of the certification
        fee, be certified without examination by the
        Board as a psychologist if

        "(1)  he has a doctor's degree from an
        accredited institution based upon a program
        which is primarily psychological or the sub-
        stantial equivalent thereof in both subject
        and extent of training, and, in addition, has

-3824-

had three years of professional experience
satisfactory to the Board, or

"(2)   has a master's degree from an ac-
credited institution based upon a program which
is primarily psychological and, in addition, has
had eight years of professional psychological ex-
perience.

".  .  ."   (Emphasis supplied.)

It is our opinion that the language of the above quoted
statutory provisions is clear and unambiguous.  Where wording of
a statute is unambiguous, it is applied and enforced as it reads,
regardless of its policy or purpose or the justice of its effect.
Franklin v. Pietzsch, 334 S.W.2d 214 (Tex.Civ.App. 1930, error ref.
n.r.e.).  Under the authority of Section 15(b), an applicant for
certification as a psychologist may be certified by the Board
without an examination under the provisions of either Section
15(b)(1) or Section 15(b)(2).  In this regard it is noted that
the primary distinction between the provisions of Sections 15(b)
(1) and 15(b)(2) in degree program requirements is that under
Section 15(b)(1) an applicant may possess a doctor's degree which
is the substantial equivalent in both subject and extent of training
to a doctor's degree which is primarily psychological, while an
applicant filing his application prior to December 31, 1970, and
seeking to be certified under the provisions of Section 15(b)(2)
must possess a master's degree which is primarily psychological.

Consequently, on the basis of the foregoing discussion,
you are advised that the Board of Examiners of Psychologists is
not authorized under the provisions of Section 15(b)(2) to certify
persons who filed their applications prior to December 31, 1970,
for certification as psychologists who do not possess a master's
degree from an accredited institution which is primarily psycholo-
gical, notwithstanding the number of educational courses success-
fully completed by those persons which are psychological in nature.

## S U M M A R Y

The Texas State Board of Examiners of Psy-
chologists is not authorized under the provisions
of Section 15(b)(2) to certify persons who filed
their applications prior to December 31, 1970, for
certification as psychologists who do not possess
a master's degree from an accredited institution
which is primarily psychological, notwithstanding

the number of educational courses successfully completed which are psychological in nature.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jim Mabry
John Banks
Bob Lattimore
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant