

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 7, 1972

Honorable Naomi Harney
County Attorney
Potter County Courthouse
Amarillo, Texas   79101

Opinion No. M-1150

Re:  The effect of the enact-
     ment of Section 50A of
     Article 6701d, V.C.S.
     on the negligent homicide
     statutes of the Penal
     Code, Articles 1230, et
     seq; the degree of negli-
     gence required by Sec-
     tion 50A; and related
     questions.

Dear Miss Harney:

You have asked our opinion regarding the construction to
be placed on Article 6701d, Section 50A, Vernon'a Civil Stat-
utes.  This statute, passed by the 62nd Legislature, became
effective on August 29, 1971.

The following questions are posed for our consideration.

1.  Whether Article 6701d, Section 50A, Ver-
non's Civil Statutes, impliedly repealed Article
1238, Vernon's Penal Code, where a cause of death
occurs while a person is engaged in the violation
of any State law or municipal ordinance applying
to the operation or use of a vehicle or to the
regulation of traffic.

2.  Whether Article 6701d, Section 50A(a) pro-
vides whoever shall unlawfully and unintentionally
(with a conscious disregard for the rights of others)
cause the death of another person . . . does the term
conscious disregard for the rights of others mean a
gross negligence.

3.  In the event death is caused while a person
is engaged in the violation of any State law or muni-

cipal ordinance applying to the operation or the use of a vehicle, could a person be tried under the negligent homicide statutes either while in the performance of a lawful act or while in the performance of an unlawful act.

Section 50A of Article 6701d provides as follows:

"Sec. 50A.   (a)   Whoever shall unlawfully and unintentionally (with a conscious disregard for the rights of others) cause the death of another person while engaged in the violation of any State law or municipal ordinance applying to the operation or use of a vehicle or streetcar or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death.

"(b)   Any person convicted of homicide by vehicle shall be fined not less than Five Hundred Dollars ($500) nor more than Two Thousand Dollars ($2,000), or shall be imprisoned in the county jail not less than three (3) months nor more than one (1) year, or may be so fined and so imprisoned; provided, however, that such person may be tried only upon indictment by a grand jury and may be tried only in the county where the violation occurred."

Article 1238, Vernon's Penal Code, is one of the statutes dealing with negligent homicide in the second degree and reads as follows:

"The definitions, rules and provisions of the preceding articles of this chapter, with respect to negligent homicide of the first degree, apply also to the offense of negligent homicide of the second degree, or such as is committed in the prosecution of an unlawful act, except when contrary to the following provisions."

Other Companion articles of Chapter 14 of the Penal Code entitled "Homicide by Negligence", must be consulted to bring

into focus the meaning of Article 1238 and include the following:

Article 1230 reads,

"Homicide by negligence is of two kinds:

1. Such as happens in the performance of a lawful act; and

2. That which occurs in the performance of an unlawful act."

Article 1231 reads,

"Whoever in the performance of a lawful act shall by negligence and carelessness cause the death of another is guilty of negligent homicide of the first degree. A lawful act is one not forbidden by the penal law and which would give no just occasion for a civil action."

Article 1232 reads,

"To constitute this offense there must be an apparent danger of causing the death of the person killed or some other."

Article 1234 Examples, reads,

"Throwing timbers by a workman from the roof or upper part of the house in a public street or highway, or where a number of persons are known to be around the house, or discharging firearms on or near a public highway other than a street in a town or city in such manner as would be likely to injure persons who might be passing, are examples of negligent homicide of the first degree, in case of death resulting therefrom. If death is caused by the careless discharge of fire-arms in a public street of a town or city, the offense will be of a higher degree."

Article 1239 reads,

"Negligent homicide of the second degree can only be committed when the person guilty thereof is in the act of committing or attempting the commission of an unlawful act."

Article 1240 reads,

"Within the meaning of an 'unlawful act' as used in this chapter are included:

1.  Such acts as by the penal law are called misdemeanors; and

2.  Such acts, not being penal offenses, as would give just occasion for a civil action."

Initially it must be observed that the negligent homicide statutes have been interpreted to cover deaths occasioned by the negligent operation of motor vehicles both when a misdemeanor statute is violated and when one is not. Mackey v. State, 400 S.W.2d 764 (Tex.Crim. 1960); De Mary v. State, 423 S.W.2d 331 (Tex.Crim. 1968).

The first problem encountered in answering your inquiries is whether Section 50A and the negligent homicide statutes cover the same acts or whether the different definitions of negligence in the two enactments furnish a reasonable basis for putting a particular motor vehicle homicide into one legislative classification or the other.

The case law of Texas defines ordinary negligence as the failure to exercise that degree of care that a person with ordinary prudence would exercise under the same or similar circumstances. Buchanan v. Rose, 138 Tex. 390, 159 S.W.2d 109 (1942); Great Atlantic & Pacific Tea Co. v. Evans, 142 Tex. 1, 175 S.W.2d 249 (1943).

Gross negligence is an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was a conscious indifference to the rights, safety and welfare of others. Texas Pac. Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W.2d 830 (1935); Bennett v. Howard, 141 Tex. 101, 170 S.W.2d 709 (1943); Claunch v. Bennett, 395 S.W.2d 719 (Tex.Civ.App. 1965).

It is readily apparent that Section 50A of Article 6701d requires an act of gross negligence to sustain a conviction thereunder.

It is not so clear what degree of negligence is required to sustain a conviction under the Homicide by Negligence Statutes, Article 1230, et seq., of the Penal Code. However, Article 1232 requires that ". . . there must be an apparent danger of causing the death of the person killed or some other", and the examples of negligent homicide set out in Article 1234 are situations where the perpetrator of the example acts in exercising such a want of care as to justify a belief that there was a conscious indifference to the rights and safety of others so that gross negligence may be the required standard.

But whatever the degree of negligence required by the negligent homicide statutes, it is clear that they can cover the same acts as Section 50A when the negligent driving of an automobile is the cause of a death. A driver might well be indicted either under Section 50A or the negligent homicide statutes (second degree), or both.

The possibility that indictments may be brought under two separate statutes raises the spectre of unconstitutional indefiniteness since negligent homicide in the second degree and Section 50A privide for different penalties. And Senate Bill 183 of the 62nd Legislature, enacted into law as Chapter 83, Acts of the 62nd Legislature, Regular Session, 1971, of which Section 50A forms a part, specifically repeals certain Articles of the Penal Code (Section 103 of the Bill), but there is no express repeal of the negligent homicide provisions of the Penal Code and no general repealer clause repealing all laws in conflict with Chapter 83 is contained in this Act.

We have concluded from a study of the authorities that in general, where given conduct may subject a person to criminal liability under two different statutes providing for different punishments, the later statute will be held to prevail and will operate as an implied pro tanto repeal of the earlier statute to the extent that identical acts are

covered by both statutes. <u>Daniel v. State</u>, 370 S.W.2d 885 (Tex.Crim. 1963), with exceptions where the earlier is preserved by an express savings clause in the later, <u>Ex Parte Sanford</u>, 280 S.W.2d 776 (Tex.Crim. 1956), or where both statutory provisions passed at the same time occur in the same statute. <u>Moran v. State</u>, 122 S.W.2d 318, 319 (Tex.Crim. 1938). We here note that the <u>Moran</u> and <u>Sanford</u> decisions were not followed in the later decisions of <u>McCathron v. State</u>, 294 S.W.2d 822, 826 (Tex.Crim. 1956) and <u>Richardson v. State</u>, 332 S.W.2d 736, 742 (Tex.Crim. 1960), in both of which the former member of the Court, Judge Davidson, dissented.

Accordingly, the supposition arises that the Legislature did not intend to repeal the negligent homicide statutes. <u>Joseph v. Travis County</u>, 8 S.W.2d 711 (Tex.Civ.App. 1928, aff'd 16 S.W.2d 283), and the supposition is in part correct since the negligent homicide statutes of the Penal Code cover acts of negligence other than those involving the driving of a motor vehicle and acts involving a motor vehicle where no misdemeanor is committed by the driver. Certainly the Legislature intended to preserve these parts of the negligent homicide statutes.

However, where a death is caused by a person operating a motor vehicle while engaged in the violation of a state law or municipal ordinance, the situation is different. In such cases, the Legislature, by passing specific legislation covering the unlawful driving of a vehicle, intended that Section 50A solely apply to these situations and that the negligent homicide statutes be repealed to that extent. <u>Haskell v. Texas Water Commission</u>, 380 S.W.2d 1 (Tex.Civ.App. 1964 error ref., n.r.e.); <u>Franklin v. Pritzch</u>, 334 S.W.2d 214 (Tex.Civ. App. 1960 error ref., n.r.e.)

Therefore, we hold that Section 50A alone is applicable to deaths incurred by the negligent operation of a motor vehicle where a law or ordinance is violated, and to this extent, and this extent only, the negligent homicide statutes have been impliedly repealed.

Your second questions has been answered by the above discussion -- the words in Sec. 50A "with a conscious dis-regard *for the rights of others*" (in causing a death through

the operation of a motor vehicle) prescribe a requirement that gross negligence be present to form the basis of a conviction.

Your third question has also been partially answered above. A driver engaged in violating a state law or municipal ordinance, and causing the death of another, may not be tried under the negligent homicide statutes but is subject to trial under Section 50A of Article 6701d. However, where his operation of his vehicle is negligent, but not in violation of a law or ordinance, he may be tried under the negligent homicide statutes, Articles 1238, et seq., which are still effective in the absence of the violation of an ordinance or state traffic law.

## S U M M A R Y

Section 50A of Article 6701d, V.C.S. (as enacted by the 62nd Legislature, Regular Session) now covers deaths incurred by the grossly negligent operation of a motor vehicle where a state law or municipal ordinance is violated and the negligent homicide statutes of Vernon's Penal Code, Articles 1230, et seq., are impliedly repealed to this extent.

Section 50A requires proof of "gross negligence" to obtain a conviction thereunder.

A driver who by gross negligence causes a death, while engaged in violating a state law or a municipal ordinance, may not be tried under the negligent homicide statutes. However, where his operation of his vehicle is negligent, but not grossly negligent, and is not in violation of a law or ordinance, he may be tried under the negligent homicide statutes, Articles 1238, et seq., Vernon's Penal Code.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-5607-

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

Max P. Flusche
John Banks
Lynn Taylor
Houghton Brownlee

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant