

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 7, 1974

The Honorable Ogden Bass
District Attorney
Brazoria County
Angleton, Texas 77515

Opinion No. H- 414

Re: Whether corporation may
operate two or more separate
cemeteries.

Dear Mr. Bass:

You have requested an opinion as to whether a single corporation may operate two or more separate cemeteries. You advise:

> Restwood Memorial Park, Inc., a cemetery association organized under Art. 912a, R. C. S., contemplates the acquisition of land five miles short of the city limits of any city of 5,000 to 25,000 population to be dedicated for cemetery purposes. The land will not be adjacent to or contiguous with the existing land of the Association so dedicated.

You ask whether the association may use the second tract as a cemetery.

In Texas the operation and maintenance of cemeteries is regulated by Articles 912a-1 et seq., V. T. C. S. Directly in point is Article 912a-24 which provides:

> (a) It shall be unlawful for any person, company, corporation, or association to establish or use for burial purposes any graveyard or cemetery, or any mausoleum and/or cemetery except in a cemetery heretofore established and operating, located within, or within less than one (1) mile from, the incorporated line of any city of not less than five thousand (5,000) nor more than twenty-five

thousand (25,000) inhabitants according to the last preceding Federal Census, or within, or within less than two (2) miles from, the incorporated line of any city of not less than twenty-five thousand (25,000) nor more than fifty thousand (50,000) inhabitants according to the last preceding Federal Census, or within, or within less than three (3) miles from, the incorporated line of any city of not less than fifty thousand (50,000) nor more than one hundred thousand (100,000) inhabitants according to the last preceding Federal Census, or within, or within less than four (4) miles from, the incorporated line of any city of not less than one hundred thousand (100,000) nor more than two hundred thousand (200,000) inhabitants, according to the last preceding Federal Census, or within, or within less than five (5) miles from, the incorporated line of any city or not less than two hundred thousand (200,000) inhabitants, according to the last preceding Federal Census; provided that where cemeteries have heretofore been used and maintained within the limits hereinabove set forth, and additional lands are required for cemetery purposes, land adjacent to said cemetery may be acquired by the cemetery association operating such cemetery, to be used as an addition to such cemetery, and the use of said additional land for such purposes shall be exempt from the provisions of this Section; and further provided that the establishment or use of a columbarium by any organized religious society or sect as a part of or attached to the principal church building owned by such religious society or sect, and within the limits hereinabove set forth, shall not be unlawful, and shall be exempt from the provisions of this Section.

. . .

This provision plainly prohibits the establishment of a cemetery on land located within one mile of the incorporated line of any city having a population of not less than five thousand nor more than twenty five thousand

inhabitants unless that land is already being used as a cemetery. But in the situation about which you have asked the association proposes to acquire land more than one mile from the city limits for use as a second cemetery. Assuming this is not within the prohibited distance of any other city, Article 912a-24 does not prohibit the acquisition of this land for cemetery purposes. See, Faulk v. Buena Vista Burial Park Assoc., 152 S.W. 2d 891 (Tex. Civ. App. --El Paso 1941, no writ); Franklin v. Pietzsch, 334 S.W. 2d 214 (Tex. Civ. App. --Dallas 1960, writ ref'd., n.r.e.).

A second issue raised by your request, however, is whether in any circumstances a single corporation may own and operate two separate cemeteries. Nowhere in Article 912a does there appear any prohibition against such an arrangement. Furthermore in Attorney General Opinion V-1130 (1950) this office implicitly recognized that a perpetual care corporation is permitted to operate two separate cemeteries when it held that such a corporation would be required to file separate annual statements and maintain separate perpetual care funds for each cemetery. In view of Attorney General Opinion V-1130 and in the absence of any compelling reason for a contrary conclusion, it is our opinion that a single corporation is authorized to own and operate two or more separate cemeteries.

## SUMMARY

A single corporation may own and operate two separate cemeteries so long as all the requirements for the operation of a cemetery set out in Articles 912a-1, et seq. are met.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee