**McCANN CONSTRUCTION CO., Inc.,
Appellant.**

v.

**JOE ADAMS & SON, Appellee.**

**No. 17123.**

Court of Civil Appeals of Texas,
Fort Worth.

Sept. 18, 1970.

Rehearing Denied Oct. 16, 1970.

Shannon, Gracey, Ratliff & Miller, and Harold A. Mueller, Fort Worth, for appellant.

Brown, Crowley, Simon & Peebles, and M. Hendricks Brown, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal from a summary judgment rendered against plaintiff. McCann Construction Company, Inc. brought suit to recover indemnity from Joe Adams & Son (a corporation) under the provisions of a written construction contract that they had each signed and which provided for indemnity in certain instances.

For brevity the plaintiff will be referred to as McCann and the defendant as Adams. We will outline the facts.

McCann was general contractor on the job of building the Sisters of Notre Dame Building at the University of Dallas in Irving, Texas, in July, 1963. McCann entered into a written contract with Adams giving Adams a subcontract to do certain concrete work in connection with this con-

struction. This writing contained the indemnity provisions that are involved in this case. McCann constructed wooden forms to be used by Adams in connection with the work Adams was to do under the contract in question. McCann built these forms in such a manner as to provide the desired shape of the building's concrete piers, beams and canopies. Such forms were so shaped that they extended 18 to 20 feet high above the ground level. It was necessary for Adams to pour the concrete into these forms from above and the forms were to provide the necessary support for the concrete until it set and hardened. The forms were essential in order to do the job that Adams contracted to do.

At a time when the employees of Adams were engaged in doing the concrete work called for by the contract in question, and while they were on top of the forms, as they were required to be, in order to pour the concrete into the forms from above, and at a time when they were actually pouring the concrete and were almost through making the complete pour, the forms holding the concrete suddenly collapsed and the forms, the wet concrete and three of Adams' employees all fell to the ground below. These employees were Whitly Jaubert, Ollie Jones, and Andrew Roberts, and they all sustained injuries in this fall.

Adams carried Workmen's Compensation Insurance. This carrier settled the claim for Workmen's Compensation of each of Adams' three employees that were injured in this incident.

These three employees then brought a damage suit based on negligence against the general contractor, McCann, seeking damages for their personal injuries sustained upon the occasion in question. The Workmen's Compensation Insurance Company that had settled with these plaintiffs intervened in the case asking a refund of what it had paid plaintiffs, in the event plaintiffs recovered.

McCann, in that case, made Adams a third party defendant, seeking indemnity from Adams in the event these three employees of Adams were successful in their suit against McCann.

McCann also called on Adams to defend the suit filed against McCann but Adams refused to do so.

Before that case was tried the trial court severed out of it the indemnity controversy between McCann and Adams that is involved in this appeal.

A trial was had between the three injured men and McCann. A jury found that McCann's negligent conduct in several respects were each proximate causes of the injuries to these men. Based on the jury verdict judgment was rendered against McCann awarding substantial damages to Adams' three employees.

After that trial was had, both McCann and Adams moved for summary judgment on this indemnity feature of the case. The trial court denied the motion for a partial summary judgment filed by McCann and granted the motion filed by Adams decreeing that McCann was not entitled to be indemnified by Adams to any extent.

We reverse the judgment of the trial court.

Appellee argues that since Adams was a subscriber under the Workmen's Compensation Law and since that law protected Adams from damage suits by his injured employees, it would be contrary to public policy to let McCann get a judgment against Adams here for indemnity for the very thing that the law protected him against.

■ We overrule this contention. A subscriber under the Workmen's Compensation Law is protected against claims for contribution and indemnity arising out of on-the-job injuries to his employees, unless he has contracted for such liability. He can make a valid written contract making himself liable on such claims.

City of Beaumont v. Graham, 441 S.W.2d 829 (Tex.Sup., 1969), and Art. 8306, Sec. 3, V.A.T.S. This was the law prior to the time a provision to that effect was placed in that statute by its 1963 amendment, and was the law in 1963 at the time Adams' employees were injured. Ealand v. Gulf, Colorado & Santa Fe Railway Co., 411 S.W.2d 591 (Beaumont, Tex.Civ. App., 1967, no writ hist.). These men were injured on July 10, 1963. The 1963 amendment to Art. 8306, Sec. 3, V.A.T.S., did not become effective until August 23, 1963. See Vol. 22, V.A.T.S., page 83 (Historical note).

The only parts of the written contract between McCann and Adams that can be said to in any way relate to the indemnity question are the paragraphs numbered VIII and V. They are here set out.

"ARTICLE VIII. The Contractor shall protect, indemnify and save McCann Construction Company, Inc., and Owner harmless from any and all claims, suits and actions of any kind or description, for damage or injuries to persons or property received or sustained by any party or parties through or on account of any act or in connection with the work of the Contractor or its agents or servants or subcontractors, or any default or omission of the Contractor, or its agents or servants or sub-contractors in the performance of this contract, or through the use of improper or defective materials or tools or on account of injury or damage to adjacent buildings or property occasioned by work under this contract, or through failure to give the usual requisite and suitable notices to all parties, whose persons, estates or premises may be, in any way, interested in or affected by the performance of this work, and at its own cost shall defend any and all suits or actions that may be brought against McCann Construction Company, Inc., or Owner by reason thereof, and in the event of the failure of the Contractor to defend such suits McCann Construction Company, Inc., shall have the right and power to defend same and charge all costs of such defense to the Contractor or its Surety."

"ARTICLE V. The Contractor shall effectually secure and protect its work and shall bear and be liable for all loss or damages of any kind which may happen to the work or any materials to be incorporated therein at any time prior to the final completion and acceptance thereof.

"McCann Construction Company, Inc. shall not be responsible for any damage done to the work or property or the contractor, unless such damage shall be caused by the direct negligence of McCann Construction Company, Inc."

In Texas an agreement to indemnify the indemnitee for loss proximately caused by his own negligence is valid. Such an agreement is not against public policy. Ohio Oil Company v. Smith, 365 S.W.2d 621 (Tex.Sup., 1963); Spence & Howe Construction Co. v. Gulf Oil Corp., 365 S.W.2d 631 (Tex.Sup., 1963); and Mitchell's Inc. v. Friedman, 303 S.W.2d 775 (Tex.Sup., 1957).

In Ohio Oil Company v. Smith, supra, the Supreme Court has laid out the law that must be applied in deciding cases of this type.

At page 624 the opinion states: " * * * while the intent to indemnify against the results of the indemnitee's negligence must be clear, it need not be expressed."

At page 625 it is stated: "This court held that the original lessee was obligated to indemnify the owner-lessor under the terms of the contract even though general words of indemnity were used."

At page 626 the court said: "In our opinion the intent of the parties as expressed in unambiguous words of indemnity, controls the determination of whether the indemnitee is to be relieved from liability for his own negligence. * * * However, it may also be awarded in cases such as this where the intent is clear

that such result is to be had as to any injury or damage that arises in the course of the effectuation of the object or objectives of the contract."

At page 627 the opinion says: "The words of the contract, as reflective of intent, are to be construed by the application of ordinary rules of construction. * * * Though broad words are used, they are not to be strictly construed, for the intent alone, as expressed in the words of indemnity, controls the scope of the coverage."

Further at page 627 the court said: "It is the general rule of law of contracts that where an unambiguous writing has been entered into between the parties, the courts, in construing that writing will give effect to the intention of the parties as expressed or apparent in the writing. In the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls."

In this Ohio Oil Company case, supra, the facts were that one Smith contracted with Ohio Oil Company to do workover operations on one of its wells in New Mexico. One of Smith's employees named Hunt was hurt during his performance of the workover operation when he fell from a tank owned by Ohio Oil Company that was being used in the work.

The written indemnity agreement provided that Smith would "hold harmless Ohio from * * * all claims * * * of every kind, for injury * * * arising out of or attributed, directly or indirectly, to the operations of Contractor (Smith) hereunder."

It further provided in substance that Contractor (Smith) agreed to indemnify Ohio from all liability by reason of injuries to employees of Contractor (Smith).

Hunt sued Ohio Oil Company for damages and recovered because of Ohio Oil Company's negligent acts which were proximate causes of his injuries.

Ohio Oil Company then sought to be indemnified by the contractor, Smith, for these damages that it had to pay Hunt.

Applying the principles of law above set out to the facts of that case the Supreme Court held that Ohio Oil Company was entitled to recover indemnity from Smith even though Ohio Oil Company's negligent acts were proximate causes of Hunt's injuries.

In the jury trial between McCann and Adams' employees one act of negligence McCann was found guilty of was in failing to brace the concrete forms sufficiently. This failure was found to be a proximate cause of their collapse and of the workmen's injuries.

McCann had of necessity constructed the forms prior to turning them over to Adams to be filled by Adams with concrete in carrying out their contract in question. These forms fell after Adams had filled them almost completely full of wet concrete. It was the act of Adams' employees of filling these forms with wet concrete in the performance of the contract in question that was the immediate cause of them falling at the time in question. Had Adams not filled them with the wet concrete upon the occasion in question there would have been no reason for them to fall, even though insufficiently braced. This is true because Adams had almost completed the entire pour and they had almost filled the forms completely full of wet concrete before the great weight of such concrete caused the forms to collapse and injure the workmen.

The particular language of this contract that McCann contends makes Adams liable for indemnity here is the part of paragraph VIII reading as follows: "The Contractor (Adams) shall protect, indemnify and save McCann * * * harmless from any and all claims, suits and actions of any kind * * * for * * * injuries to persons * * * received or sustained by any party or parties through or on account of any act or in connection with

the work of the Contractor or its agents or servants. * * *"

When we apply the legal principles from the Ohio Oil Company case that are set out above to the facts of this case, we conclude that McCann's contentions are correct. It is undisputed that Adams' employees, Jaubert, Jones and Roberts, sustained the injuries in queston while in the scope of their employment for Adams. At that very time Adams and his employees were engaged in performing the written contract between McCann and Adams. It was because of the pour of wet concrete that Adams' employees made into these inadequately braced forms, while in the performance of their contract with McCann, that immediately caused such forms to fall and the men to be hurt. Such injuries were thus sustained "in connection with the work of the contractor." We also believe such injuries were received "through or on account of any act (of Adams)" in that it was the immediate act of Adams' employees of filling the forms in question with wet concrete in the performance of the contract between the parties that brought these forms tumbling to the ground. This was true even though McCann had negligently braced them when building the forms prior to turning them over to Adams.

The language used by the parties in this contract is broad. It is unambiguous. The problem here is to determine the intent of the parties to this contract. We are to make this determination by considering what the parties said in their written contract. The language used by those parties in their contract covers the lawsuit for which indemnity is sought, and this is true even though McCann was guilty of several acts of negligence that were each proximate causes of the injuries in question. We are therefore convinced that the parties intended that Adams indemnify in this case even though McCann's negligent acts were proximate causes of the injuries to Adams' employees, because that

is what the parties said by the language they used.

It appears clear to us from the language of the contract that Adams was agreeing to indemnify McCann against any loss that McCann sustained by reason of injuries to persons sustained as a result of the performance by Adams of the contract in question.

■ The personal injuries involved here were sustained by Adams' employees as a result of the performance by Adams of the contract in question and were certainly sustained in connection with the work being done under the contract by Adams and were therefore covered by the indemnity agreement.

As authority for our holding here we cite the following: Ohio Oil Company v. Smith, supra; Spence & Howe Construction Co. v. Gulf Oil Corp., supra; and Alamo Lumber Company v. Warren Petroleum Corporation, 316 F.2d 287 (5th Cir., 1963).

It is argued that the second paragraph of Article V of the contract indicates that the parties did not intend that Adams indemnify for claims for damages for personal injuries that were caused by McCann's own negligence.

We disagree with that contention. Article V dealt with the question of McCann's responsibility for damages done to the work or property of Adams during the progress of the work. No mention was made under Article V of claims arising out of personal injuries that are referred to under Article VIII of the contract.

■ This being true it is our opinion that the rule of construction known as "expressio unius est exclusio alterius" controls and requires a court to construe this part of the contract contra to the manner contended for by Adams. That doctrine applies in construing both statutes and contracts. The doctrine is that the

"express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others." On this see 53 Tex.Jur.2d 205, Sec. 142, and 13 Tex.Jur.2d 320, Sec. 140.

In order to construe Article V as contended for by Adams a court would have to read into it words that the parties did not use. Since the parties did not see fit to include actions for personal injuries in the language of Article V of their contract, we are required to assume that they left such language out on purpose and that the language of Article V was not intended to apply to claims for personal injuries such as the one involved here. If the parties had intended for personal injury actions to be included in and governed by Article V of the contract, we assume that the parties would have said so.

Adams relies heavily on this appeal on the Westinghouse Electric Corp. v. Childs-Bellows case by this Court, 352 S.W.2d 806 (Fort Worth, Tex.Civ.App., 1961, writ ref.). There Westinghouse had a subcontract to install elevators in a building which was being built by Childs-Bellows as general contractor. Westinghouse's employees, installing the elevators, were injured through negligence of Childs-Bellows' employees, who were then doing work entirely unconnected with the elevator installation. Indemnity was denied in this Westinghouse case.

The Supreme Court, at page 626 of the opinion in 365 S.W.2d, in the Ohio Oil Company v. Smith case, supra, points out the distinction between the Westinghouse case and the Ohio Oil Company case. Our opinion is that the same distinction pointed out there between those two cases exists between the Westinghouse v. Childs-Bellows, case, supra, and this case at bar.

In this case Adams agreed to indemnify McCann against losses on all claims for personal injuries sustained by any parties through or on account of any act or in connection with the work of the contractor (Adams) or its agents. The injuries here did result from the work undertaken by Adams and were immediately caused by the actions of Adams' employees in filling the forms almost full of wet concrete. In the Westinghouse case, supra, indemnity was denied because the injuries there resulted from causes that had absolutely no connection with the work being done by Westinghouse.

We do not dispose of any part of the damage feature of this case because fact issues are involved in making that determination.

It is the duty of this Court in a situation such as this to render the judgment which we believe the trial court should have rendered. Tobin v. Garcia, 316 S.W. 2d 396 (Tex.Sup., 1958) and Rule 434, Texas Rules of Civil Procedure.

We reverse the judgment of the trial court. Since McCann was entitled to indemnity against Adams under the contract in question we render a partial summary judgment in favor of McCann, decreeing that Adams is liable under the provisions of the indemnity agreement to McCann. The questions relating to the amount of the liability including the amount of the damages and costs, reasonable and necessary expenses, and attorneys' fees remain to be tried and are severed from the liability feature of the case. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.

Costs are taxed against Joe Adams and Son.