**HOUSTON LIGHTING & POWER COMPANY, Appellant,**

v.

**ELLER OUTDOOR ADVERTISING COMPANY OF TEXAS, Appellee.**

No. 01–81–0640–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 4, 1982.

Lee H. Gudel, Houston, for appellant.

JoAnn Storey, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

EVANS, Chief Justice.

This is a case of first impression in Texas. The sole question is whether a party entitled to indemnification for damages to an injured employee may recover indemnity under the Public Utilities Act from an employer covered by the Workers' Compensation statute.

The facts are undisputed. The employee, Tommy Eugene Miller, was electrocuted on April 18, 1974 when he came into contact with an overhead power line owned and operated by the appellant, Houston Lighting & Power Company (HL&P). Miller was a billboard worker for Eller Outdoor Advertising Company of Texas (Eller), and his family, therefore, recovered workers' compensation benefits under Eller's workers' compensation policy. Miller's widow and children subsequently filed a wrongful death action against HL&P, which was settled for $40,000. HL&P then brought this indemnification suit against Eller for the

amount of the settlement, plus attorney's fees, interest, and costs. Both sides moved for summary judgment, and the trial court entered judgment for Eller, holding that the Workers' Compensation Statute precluded HL&P's suit for indemnification. In three points of error, HL&P contends that it is entitled to indemnification because Eller violated Sections 3, 4 and 6 of the Public Utilities Act, which set forth the statutory duties of a party performing a function or activity within six feet of any high voltage overhead line. Tex.Rev.Civ.Stat.Ann. art. 1436c § 7 (1980). It is the position of HL&P that because Eller violated these sections of the statute, it is entitled to recover indemnification from Eller under § 7(b) of the Public Utilities Act, which provides:

> (b) If a violation of this Act results in physical or electrical contact with any high voltage overhead line, the person, firm, corporation, or association violating the provisions of this Act shall be liable to the owner or operator of such high voltage line for all damage to such facilities and for all liability incurred by such owner or operator as a result of any such contact.

Eller does not dispute the claim of HL&P that it violated the Public Utilities Act, but it asserts that the right of HL&P to indemnification under that statute is barred by the provisions of the Workers' Compensation Statute, Tex.Rev.Civ.Stat.Ann. art. 8306 § 3 (1967), which provides in pertinent part as follows:

> If an action for damages on account of injury to or death of an employee of a subscriber is brought by such employee or by the representatives or beneficiaries of such deceased employee, or by the association for the joint use and benefit of itself and such employee or such representative or beneficiaries, against a person other than the subscriber, as provided in Section 6a, Article 8307, Revised Civil Statutes of Texas, 1925, and if such action results in a judgment against such other person, the subscriber, his agent, servant or employee, shall have no liability to reimburse or hold such other person harmless on such judgment or settlement,

nor shall the subscriber, his agent, servant or employee, have any tort or contract liability for damages to such other person because of such judgment or settlement in the absence of a written agreement expressly assuming such liability, executed by the subscriber prior to such injury or death.

■ In Texas, the Workers' Compensation Act constitutes the employee's exclusive remedy against his subscriber employer, and an employee who receives benefit of the coverage provided by the Act waives any cause of action against his employer. *Jones v. Jeffreys*, 244 S.W.2d 924 (Tex.Civ. App.—Dallas 1951, writ ref'd). The employee may, however, proceed against a negligent third party who, in the absence of express agreement, has no right of contribution or indemnification against the employer. *McCann Construction Co. v. Joe Adams and Son*, 458 S.W.2d 477 (Tex.Civ. App.-Fort Worth 1970), rev'd on other grounds, 475 S.W.2d 721 (Tex.1971). If the employee recovers from the third party, the employee's insurance carrier is, to that extent, subrogated to the rights of the employee.

■ An indemnity action is derivative of the primary suit for damages and a defendant has no right of indemnity or contribution from a party against whom the injured has no cause of action. *City of Houston v. Watson*, 376 S.W.2d 23, 33 (Tex.Civ.App.— Houston 1964, writ ref'd n.r.e.). Where, as in the instant case, an employee has contracted away his right to sue his employer, and has accepted workers' compensation benefits, the third party has no right of indemnity against the negligent employer. *Grove Manufacturing Company v. Cardinal Construction Company*, 534 S.W.2d 153 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

Indemnity suits have been allowed in Texas, but only in those instances where the employer and the third party have a contractual or implied contractual agreement providing for indemnification, as provided by the Workers' Compensation Stat-

ute. *Petroleum Exploration and Operating Corp. v. J. W. McCutchen Drilling Co.,* 593 S.W.2d 831 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.); *Koninklyke Nederlandsche Stoomboot Maalschappy, N. V., Royal Netherlands S.S. Co. v. Strachan Shipping Co.,* 301 F.2d 741 (5th Cir. 1962), cert. denied 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230. Such actions are based upon contract, and therefore, are not actions for damages "on account of" injury to or death of the subscriber's employee.

 In this case, HL&P argues that its indemnity action is not "on account of" injury to or death of the employee, but rather is an action arising from the breach of Eller's statutory duty under the Public Utilities Act. HL&P further argues that if there is a conflict between the provisions of the Workers' Compensation Statute and the indemnity provision of the Public Utilities Act, the latter act should control because it is the latest, most specific statute. HL&P asserts that the two statutes may be harmonized by finding that the indemnity action is not "on account of" the injury to or death of an employee. HL&P further contends that the Public Utilities Indemnity Statute would be rendered meaningless if the Workers' Compensation Statute is held to be a bar to its indemnity action created under that statute, and that the clear intent of the legislature was to hold an employer liable for violations of the Public Utilities Act.

The court adopts this reasoning as being most consistent with legislative intent in protecting workers in this state, and in assuring that employers will follow minimum statutory requirements while performing work near hazardous high voltage lines. See *Ringo v. Gulf States Utilities Co.,* 569 S.W.2d 31 (Tex.Civ.App.-Beaumont 1978, writ ref'd n.r.e.). Furthermore, this construction permits the two statutes to be given a harmonious interpretation, and the later, more specific Public Utilities Act should be given controlling effect over the older, more general terms of the Workers' Compensation Act. *Franklin v. Pietzsch,* 334 S.W.2d 214 (Tex.Civ.App.-Dallas 1960, writ ref'd n.r.e.).

Because the case has not been fully developed on the summary judgment proceedings, the court cannot determine whether the employee had any cause of action against HL&P, giving the latter a right of indemnification under the Public Utilities Act, or whether HL&P's settlement of the employee's claim was reasonable. HL&P must establish both to prove its right to indemnification by the employer. *Pan American Gas Co. v. Natural Gas Construction Corp.,* 418 S.W.2d 380 (Tex.Civ.App.-Waco 1967, writ ref'd, n.r.e.).

The judgment of the trial court is reversed and the cause is remanded.