**WHITECO METROCOM, INC. d/b/a Whiteco, and Whiteco Industries, Inc. d/b/a Whiteco, Appellants,**

v.

**TEXAS UTILITIES ELECTRIC COMPANY, Appellee.**

No. 05–97–02152–CV.

Court of Appeals of Texas, Dallas.

Feb. 28, 2000.

Publication Ordered March 15, 2000.

R. Brent Cooper, R. Douglas Rees, Diana L. Faust, Cooper, Aldous & Scully, P.C., Dallas, for Appellant.

Travis E. Vanderpool, Worsham, Forsythe, Sampels & Wooldridge, Dallas, for Appellee.

Before Justices OVARD, JAMES, and ROACH.

## OPINION

JOHN R. ROACH, Justice.

Texas Utilities Electric Company (TU Electric) sued Metrocom, Inc. d/b/a Whiteco, and Whiteco Industries, Inc. d/b/a Whiteco (Whiteco) for reimbursement of its costs incurred in defending and settling a case brought by a Whiteco employee for injuries suffered when he contacted a high-voltage power line. Whiteco appeals the summary judgment granted to TU Electric, asserting that a provision of the Texas Workers' Compensation Act shielding an employer from liability to third parties precludes TU Electric's right to indemnifi-

cation. We affirm the trial court's judgment.

■ The facts are undisputed. While attempting to remove an advertisement from a billboard on January 11, 1993, Whiteco's employee, Edmund C. Johnston, came into contact with a high-voltage overhead power line owned and/or operated by TU Electric. The summary judgment evidence establishes that neither Johnston nor anyone else notified TU Electric, the operator of the power line, at least forty-eight hours before Johnston's work near the power line began, in violation of section 752.003 of the health and safety code. *See* TEX.HEALTH & SAFETY CODE ANN. § 752.003 (Vernon 1989). Johnston sued TU Electric, and TU Electric then sued Whiteco for indemnification. The two lawsuits were consolidated. Johnston settled his claim, and TU Electric and Whiteco entered into a separate agreement to fund the settlement. The remaining parties to the case, TU Electric and Whiteco, then filed cross motions for summary judgment, each relying on a statute to support its position. The trial court granted TU Electric's motion and denied Whiteco's motion. The trial court ordered Whiteco to pay TU Electric's portion of the settlement to Johnston and TU Electric's costs and attorney's fees. Whiteco appealed.

We apply well-known standards when reviewing a motion for summary judgment. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). When both parties move for summary judgment, each must carry its own burden of proof. *Benchmark Bank v. State Farm Lloyds*, 893 S.W.2d 649, 650 (Tex.App.—Dallas 1994, no writ). That burden is to show an entitlement to summary judgment as a matter of law by conclusively proving all the elements of the cause of action or defense. *Odeneal v. Van Horn*, 678 S.W.2d 941, 941 (Tex.1984).

The issue presented is whether section 417.004 of the Texas Worker's Compensation Act (the immunity statute) precludes TU Electric's right to indemnification under section 752.008 of the Texas Health and Safety Code (the indemnity statute), which addresses owner indemnification in case of contact with electrical power lines in violation of chapter 752 of that code (the power line statute). *See* TEX.LAB.CODE ANN. § 417.004 (Vernon 1996).[1] TEX.HEALTH & SAFETY CODE ANN. § 752.008 (Vernon 1989). For the reasons set forth below, we conclude it does not.

■ Section 417.004 of the labor code provides:

> In an action for damages brought by an injured employee ... against a third party liable to pay damages *for the injury* ... that results in a judgment against the third party or a settlement of the third party, the employer is not liable to the third party for reimbursement or damages based on the judgment or settlement unless the employer executed, before the injury or death occurred, a written agreement with the third party to assume liability. (emphasis added)

TEX.LAB.CODE ANN. § 417.004 (Vernon 1996). Under this statute, employers who subscribe to workers' compensation insurance are immune from liability to third parties the employee might sue for their injuries. *See Charter Builders v. Durham*, 683 S.W.2d 487, 489–91 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (applying predecessor workers' compensation statute).

The Texas Health and Safety Code requires an entity responsible for temporary work close to a high voltage overhead pow-

---

1. The statute in effect at the time this lawsuit was filed was article 8308.404 of the Texas Revised Civil Statutes. However, this statute was repealed in 1993 and codified in the Texas Labor Code. *See* Act of December 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 4.04, 1989 Tex.Gen.Laws 32 (repealed 1993) (current version at TEX .LAB.CODE ANN. § 417.004 (Vernon 1996)). Both sides agree that no substantive change was made when the statute was codified. Consequently, all references to this statute are to the Texas Labor Code.

er line to contact the operator of the power line to arrange for the line to be temporarily de-energized. *See* TEX.HEALTH & SAFETY CODE ANN. § 752.003 (Vernon 1992). The statute upon which TU Electric relies for indemnification states:

> If a violation of this chapter results in a physical or electrical contact with a high voltage overhead line, the person, firm, corporation or association that committed the violation is liable to the owner or operator of the line for all damages to the facilities and for all liability that the owner or operator incurs as a result of the contact.

*Id.* § 752.008. Relying on the holding in *Houston Lighting & Power Co. v. Eller Outdoor Advertising Co.*, 635 S.W.2d 133, 135 (Texas.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.), TU Electric argues that this provision creates an exception to the immunity given to employers under the Texas Workers' Compensation Act.

In *Eller*, the court addressed the relationship between the two statutes at issue in this case. The *Eller* court determined that the later, more specific indemnification statute should be given controlling effect over the older, more general terms of the worker's compensation act and viewed the indemnity action as arising from Eller's statutory duty under the Public Utilities Act (now section 752.003 of the health and safety code) rather than "on account of" an injury to or death of an employee. *See Eller*, 635 S.W.2d at 134–35.

■ But Whiteco argues that the indemnity exception to the immunity statute as discussed in *Eller* no longer applies because it involved a prior Workers' Compensation Act.[2] Since *Eller*, Whiteco explains, the Act has undergone massive reform and substantive restructuring. Thus, the Act is now the later statute. Further, as part of the reforms, the legislature revised the indemnity statute to replace the term "on account of" with the word "for" in the statute. Whiteco argues this was a substantive revision and, therefore, the *Eller* rationale fails.[3] We disagree.

The Code Construction Act provides that words are to be read in context and construed according to the rules of grammar and common usage. *See* TEX.GOV'T CODE ANN. § 311.011 (Vernon 1998). The terms "on account of" and "for" both mean "because of." *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 50, 481 (1985). Consequently, we conclude the change to the immunity statute was not substantive.

With respect to Whiteco's argument that the immunity statute must prevail because it was enacted later in time (due to reforms) than section 752.008, we again disagree. Section 311.026(b) of the Code Construction Act provides:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
>
> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the

2. Act of March 28, 1917, 35th Leg., R.S., ch. 103, part I, § 3, 1917 Tex.Gen.Laws 269, *subsequently amended by* Act of May 17, 1983, 68th Leg., R.S., ch. 131 § 1, 1983 Tex.Gen. Laws 613 (amended 1989 and repealed 1993).

3. Before the 1989 revision to the workers' compensation system, the statute provided:
   If an action for damages *on account of injury* to or death of an employee of a subscriber is brought by such employee ... against a person other than the subscriber ... and if such action results in a judgment against such other person, or results in a

settlement by such other person, the subscriber ... shall have no liability to reimburse or hold such other person harmless on such judgment or settlement, nor shall the subscriber ... have any tort or contract liability for damages to such other person because of such judgment or settlement, in the absence of a written agreement expressly assuming such liability ....(emphasis added)
Act of May 17, 1983, 68th Leg., R.S., ch. 131 § 1, 1983 Tex.Gen.Laws 613 (amended 1989 and repealed 1993).

general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX.GOV'T CODE ANN. § 311.026 (Vernon 1998). Here, the statutes at issue (1) are not irreconcilable and (2) effect can be given to both. *See Eller*, 635 S.W.2d at 135. Therefore, we need not consider which statute was first in time or whether the legislature manifested its intent that the general immunity statute prevail over the more specific provisions of the indemnity statute. Even if an irreconcilable conflict between the statutes did exist, we would conclude that the power line statute is a specific statute that prevails over the general immunity provided by the Act, in the absence of any manifest legislative intent that the general immunity statute prevail. *See* TEX.GOV'T CODE ANN. § 311.026 (Vernon 1998). We conclude the reenactment of the immunity statute without substantive change indicates a legislative intent to adopt existing interpretations of the statute by the courts. *See Texas Dep't of Mental Health & Mental Retardation v. Petty*, 848 S.W.2d 680, 684 (Tex. 1992).

█ We conclude, as did the court in *Eller*, that a subscriber to workers' compensation insurance is not immune from a suit for indemnity arising from the breach of the statutory duty imposed by section 752.003 of the health and safety code. TEX.HEALTH & SAFETY CODE ANN. § 752.003 (Vernon 1989). Accordingly, we resolve the issue against Whiteco.

We affirm the trial court's judgment.