SOUTHEAST TEXAS INDUSTRIES, Appellant,

v.

HELMERICH & PAYNE INTERNATIONAL DRILLING CO., Appellee.

No. 04–00–00733–CV.

Court of Appeals of Texas, San Antonio.

Nov. 21, 2001.

Rehearing Overruled Dec. 28, 2001.

Ian M. McLin, Stephanie O'Rourke, Jo Chris Lopez, Shaddox, Compere, Walraven & Good, San Antonio, for Appellant.

Douglas A. Allison, Law Office of Douglas A. Allison, Corpus Christi, James T. McBride, Stibbs & Burbach, The Woodlands, Wallace W. Canales, Attorney At Law, Alice, Gregory Gannon, Hella V. Scheuerman, Lane, Gannon & Taliaferro, L.L.P., San Antonio, Steven M. Gonzalez, Steven M. Gonzalez & Associates, McAllen, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice and SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

Southeast Texas Industries ("STI") appeals the trial court's summary judgment in favor of Helmerich & Payne International Drilling Co. ("H & P") in STI's indemnity action. STI argues the exclusive remedy provisions afforded a workers' compensation subscriber, such as H & P, are "trumped" by the statutory right to indemnity provided in section 82.002(a) of the Texas Civil Practice & Remedies Code. We do not reach this issue, because there is no summary judgment evidence tending to establish H & P is a "manufacturer" for purposes of section 82.002(a). We therefore affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

After a severe fall from a drilling rig platform, Rene Huerta and Juan Antonio Sauceda sued Margarito Escalante, Rig Star, Inc., and STI for negligence, deceptive trade practices, strict product liability, and gross negligence. Huerta and Sauce-

da alleged the rig platform on which they were working "failed at the hinge connection that provided support for the platform"; and the hinge connection "was designed, manufactured, fabricated, and/or assembled by Defendants."

Huerta and Sauceda had received workers' compensation benefits and did not sue their employer, H & P. However, sometime after they filed suit, STI filed a third-party petition seeking indemnity and alleging H & P's conduct in designing the rig platform was the sole proximate cause of Huerta's and Sauceda's injuries.

H & P moved for summary judgment, contending that STI's indemnity claim was barred by the exclusive remedy provisions contained in sections 408.001 and 417.004 of the Texas Labor Code. These sections provide:

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

TEX. LAB.CODE ANN. § 408.001(a) (Vernon 1996).

> In an action for damages brought by an injured employee, a legal beneficiary, or an insurance carrier against a third party liable to pay damages for the injury or death under this chapter that results in a judgment against the third party or a settlement by the third party, the employer is not liable to the third party for reimbursement or damages based on the judgment or settlement unless the employer executed, before the injury or death occurred, a written agreement with the third party to assume the liability.

*Id.* § 417.004. Because it had not entered a written indemnity agreement, H & P argued, it could not be held liable on STI's indemnity claim.

In response, STI asserted that the exclusive remedy provisions are "trumped" by the independent statutory indemnity claim provided by section 82.002(a) of the Texas Civil Practice & Remedies Code. Section 82.002(a) provides:

> A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable.

TEX. CIV. PRAC. & REM.CODE ANN. § 82.002(a) (Vernon 1997); *see also id.* § 82.001(2) (defining "products liability action"); 82.001(3) (defining "seller"); 82.001(4) (defining "manufacturer").[1]

The trial court granted H & P's motion and severed the third-party action, rendering the interlocutory summary judgment final and appealable. STI appealed.

### DISCUSSION

■ H & P asserts that there is no summary judgment evidence tending to establish that it is a "manufacturer" within the meaning of section 82.002(a). STI does not argue otherwise. Rather, it con-

---

1. In support of its argument, STI cites *Houston Lighting & Power Co. v. Eller Outdoor Adver. Co.*, 635 S.W.2d 133 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.), *Whiteco Metrocom, Inc. v. Texas Utils. Elec. Co.*, 30 S.W.3d 421 (Tex.App.—Dallas 2000, pet. denied), and *Olson v. Central Power & Light Co.*, 803 S.W.2d 808 (Tex.App.—Corpus Christi 1991, writ denied), in which the courts held that the statutory indemnity provision contained in section 752.008 of the Texas Health and Safety Code "trumps" the exclusive remedy provisions contained in the Texas Workers' Compensation Act.

tends it "was not required to come forward with any evidence that [H & P] ... was the manufacturer of the rig platform," because H & P did not move for summary judgment on that ground. We believe STI misperceives the parties' burdens.

■ As a defendant, H & P "was entitled to summary judgment only if it conclusively negated at least one element of [the plaintiff's] cause of action or conclusively established all of the elements of an affirmative defense." *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex.1996). H & P chose to rely on its affirmative defense of the exclusive remedy provisions of the Texas Workers' Compensation Act. *See Quanaim v. Frasco Restaurant & Catering*, 17 S.W.3d 30, 43–44 (Tex.App.—Houston [14th Dist.] 2000, pet. denied); *Long v. Turner*, 871 S.W.2d 220, 225 (Tex.App.— El Paso 1993, writ denied) (both recognizing exclusive remedy provision is affirmative defense).

■ Once H & P proved each essential element of its affirmative defense, the burden shifted to STI to raise a fact issue on either H & P's affirmative defense or a matter of confession and avoidance. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996); *Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972). "A plea in confession and avoidance is one which avows and confesses the truth in the averments of facts in the petition, either expressly or by implication, but then proceeds to allege new matter which tends to deprive the facts admitted of their ordinary legal effect, or to obviate, neutralize, or avoid them." *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988).

In responding to H & P's motion, STI chose not to raise a fact issue as to the applicability of the exclusive remedy provisions by, for instance, raising a fact issue

as to whether Helmerich & Payne was indeed a workers' compensation subscriber. Rather, it chose to defend the motion for summary judgment with a matter of confession and avoidance—the section 82.002(a) indemnity provision—which it alleges "trumps" the exclusive remedy provisions. Accordingly, to avoid summary judgment, it was required to produce summary judgment evidence raising a fact issue as to the applicability of its defensive plea. It failed to do so. Therefore, we affirm the trial court's summary judgment.